UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN D. WASHINGTON,

        Petitioner,

v.

FREDEANE ARTIS,

        Respondent.

_____/

Case No. 2:24-cv-12537

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER HOLDING PETITION FOR WRIT
OF HABEAS CORPUS IN ABEYANCE AND DIRECTING CLERK OF THE
COURT TO CLOSE THE CASE FOR ADMINISTRATIVE PURPOSES ONLY**

Petitioner Steven D. Washington is an inmate at the Thumb Correctional Facility in Lapeer, Michigan. He filed a pro se habeas petition under 28 U.S.C. § 2254, challenging his jury-based convictions and sentence. For the reasons stated below, the Court will stay the case, hold the petition in abeyance, and administratively close the matter.

I.

In 2018, Petitioner was convicted by an Ingham County jury of second-degree murder, Mich. Comp. Laws § 750.317; carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227; and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. The trial court sentenced him to 330 to 495 months' imprisonment for second-degree murder, 476 days' imprisonment for CCW, and two years' imprisonment for felony-firearm. ECF 1, PgID 1.

1

Petitioner appealed his convictions and sentence to the Michigan Court of Appeals and raised claims concerning the trial court's denial of the motion for a new trial, prosecutorial misconduct, ineffective assistance of counsel, the trial court's failure to order a mistrial based on a statement of defendant's guilt, and cumulative error. On January 12, 2023, the court entered an order affirming Petitioner's convictions and sentence. *People v. Washington*, No. 353150, 2023 WL 174809, at *1 (Mich. Ct. App. Jan. 12, 2023). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On June 27, 2023, the court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Washington*, 511 Mich. 1019 (2023).

On September 12, 2024, Petitioner signed and dated the present habeas petition, which was subsequently filed in this Court on September 26, 2024. ECF 1. Petitioner's habeas petition raises four claims concerning trial counsel's ineffectiveness. By the Court's review, Petitioner has not presented any of his four ineffective-assistance-of-counsel claims to the state courts.

II.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see Picard v. Connor*, 404 U.S. 270, 275–78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement that mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so.

2

*See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions that contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's habeas application is subject to dismissal because none of his claims were exhausted on his appeal of right. The Court, however, is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Although Petitioner has not requested that his habeas petition be held in abeyance, district courts may sua sponte stay a habeas petition and hold the entire petition in abeyance while the petitioner exhausts his unexhausted claims. *See*

3

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state-court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner's claims do not appear to be "plainly meritless." *Wagner*, 581 F. 3d at 419. Further, Petitioner asserted that he did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419 n.4. Petitioner has an available state court remedy as he has yet to file a motion for relief from judgment under Michigan Court Rule 6.500. It does not appear that Petitioner has engaged in "intentionally dilatory tactics." Lastly, the mere fact that all of Petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance. *See Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020) (remanding a case with one remaining unexhausted claim for the district court to determine whether to stay the petition); *Hickey v. Hoffner*, 701 F. App'x 422, 426–27 (6th Cir. 2017) (implicitly accepting that a district court may stay and abey a petition containing only unexhausted claims); *see also Misch v. Chambers-Smith*, 656 F. Supp. 3d 761, 764 (N.D. Ohio 2023) (concluding that staying a habeas petition containing only unexhausted claims was appropriate under the circumstances).

Accordingly, the Court will stay the case. In doing so, the Court recognizes that this procedure will not be appropriate in every case where a petition presents only unexhausted claims. Petitioner may file a motion for relief from judgment with the

4

state trial court and pursue the claims through the state appellate courts as necessary.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must file a motion for relief from judgment in the state trial court within 60 days of the date of this order. Further, Petitioner must ask this Court to lift the stay within 60 days of exhausting his state court remedies. *Id.* If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed. *Palmer*, 276 F.3d at 781.

While the case is pending resolution in State court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many months while Petitioner pursues his claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the

case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Petitioner may move to reopen the case after exhausting all claims in state court.

**WHEREFORE**, it is hereby **ORDERED** that the case is **STAYED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must **ADMINISTRATIVELY CLOSE** the case during the pendency of the stay.

**IT IS FURTHER ORDERED** that Petitioner must **MOVE** for relief from judgment in the state trial court **no later than 60 days** from the date of this order.

**IT IS FURTHER ORDERED** that Petitioner must ask this Court to lift the stay **no later than 60 days** of exhausting his state court remedies.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 24, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager